# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD W. HENDERSON, | Case No.: 2:19-cv-00028-RFB-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 18] |
| NANCY A. BERRYHILL, | |
| Defendant(s). | |

Pending before the Court is a motion for clarification. Docket No. 18.[1]

The Court ordered "attorneys of record" to confer and file various preliminary certifications. Docket No. 14. That should be a simple task. Jeffrey Chen signed those certifications and identified himself therein as "Jeffrey T. Chen, attorney of record." Docket No. 16 at 1-2; *see also id.* at 2 (signature line for "Jeffrey T. Chen, Attorney[] for defendant Nancy A. Berryhill"). Mr. Chen is not identified as such on the docket, so the Court ordered him to file a notice of appearance by April 22, 2019. Docket No. 17.[2]

---

[1] This motion was misfiled. It was captioned as a "request" and docketed as a "response." A request for which the opposing party has not agreed is a "motion," and it must be titled and docketed as a "motion." Local Rule 7-2(a); Local Rule IC 2-2(c). The motion is also written as indicating that "Jeffrey Chen [is] the undersigned," when the motion is actually signed by Michael Marriott.

[2] The Court also ordered the parties to file a corrected image of their certifications since they filed them with the name of the wrong United States Attorney. *Id.*

1

Mr. Chen now finds himself in a pickle. Despite his explicit representation to the contrary, Mr. Chen now concedes that he is not actually attorney of record and he also submits that he is not allowed to be attorney of record. Docket No. 18.[3] Moreover, the Court has previously advised Mr. Chen specifically that attorneys taking formal action in a case must be counsel of record. *See Green v. Berryhill*, Case No. 2:17-cv-01339-APG-NJK, Docket No. 34 (D. Nev. Aug. 1, 2018) (denying Mr. Chen's motion to appear telephonically to argue an appeal given that Mr. Chen was not counsel of record); *see also* Local Rule IA 11-6(a) (the Court recognizes "[a]n attorney who has appeared for a party"). Finding himself in a mess of his own making, Mr. Chen seeks to sponge up scarce judicial resources by asking the Court to explain to him how he should proceed. *See* Docket No. 18 at 2. The Court declines to do so, as the Court does not provide legal advice to litigants. The Court issued a clear order and Mr. Chen should be able to figure out a path forward without the expenditure of further judicial resources explaining it to him.

Accordingly, the motion for clarification is **DENIED**. If Mr. Chen is unable to discern an appropriate remedy to this situation by April 22, 2019, an order to show cause may issue as to why sanctions should not be imposed.

IT IS SO ORDERED.

Dated: April 19, 2019

Nancy J. Koppe
United States Magistrate Judge

---

[3] The misrepresentation alone raises serious concerns. *See* Fed. R. Civ. P. 11. Mr. Chen's current submission also raises concerns that he may be engaging in the unauthorized practice of law in this District. *See, e.g.*, *In re Discipline of Lerner*, 197 P.3d 1067 (Nev. 2008) (*en banc*). In particular, Mr. Chen represents that he is handling all substantive elements of this case even thought he is apparently not allowed to practice law in this Court. *See* Docket No. 18 at 1. This set-up is puzzling given that the standards for admission of an out-of-state government attorney are extraordinarily lenient. *See* Local Rule IA 11-3; *see also in re: United States*, 791 F.3d 945, 956-57 (9th Cir. 2015).

2