UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD W. HENDERSON,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:19-cv-00028-NJK

**ORDER**

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 22-23. Plaintiff filed a reply. Docket No. 24. The parties consented to resolution of this matter by the undersigned magistrate judge. Docket No. 25.

**I. STANDARDS**

    A.    <u>Disability Evaluation Process</u>

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*,

482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.  Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

2

## II. BACKGROUND

### A. Procedural History

On February 9, 2015, Plaintiff filed an application for supplemental security income with an alleged disability onset date of October 1, 2007. *See, e.g.,* Administrative Record ("A.R.") 519-26. On August 24, 2015, Plaintiff's claim was denied initially. A.R. 444-48. On January 21, 2016, Plaintiff's claim was denied on reconsideration. A.R. 456-61. On February 5, 2016, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 462-64. On April 6, 2017, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. *See* A.R. 393-416. On November 13, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability since the date the application was filed. A.R. 39-56. On November 9, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On January 3, 2019, Plaintiff commenced this action for judicial review. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 42-51. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date. A.R. 44. At step two, the ALJ found that Plaintiff has the following severe impairments: hearing loss, loss of speech, diabetes mellitus, skin cancer, history of fracture of the lower extremity, and degenerative disc disease. A.R. 44-47. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 47. The ALJ found that Plaintiff has the residual functional capacity to perform the full range of medium work as defined by 20 C.F.R. § 416.967(c). A.R. 47-49. At step four, the ALJ found Plaintiff capable of performing past relevant work as a truck driver. A.R. 49-50. The ALJ included an alternative finding that Plaintiff could also perform other jobs existing in significant numbers in the national economy. A.R. 50-51.

Based on all of these findings, the ALJ found Plaintiff not disabled since the date of the application. A.R. 51.

## III. ANALYSIS

Plaintiff raises a single issue on appeal, asserting that the ALJ erred in discounting his testimony of disabling limitations. Credibility and similar determinations are quintessential functions of the judge taking witness testimony, so reviewing courts generally give deference to such assessments. *See, e.g.*, *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In the Social Security context, "[t]he ALJ is responsible for determining credibility." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. *See, e.g.*, *Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[2]

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p.

---

[2] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The current regulations require the ALJ to instead "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change in nomenclature does not alter the deferential nature of the Court's review.

In this case, the ALJ found that Plaintiff satisfied the first step of the above analysis, but then found that Plaintiff's testimony should be discounted at the second step of the analysis. Notwithstanding the deferential review of an ALJ's assessment of a claimant's testimony, the ALJ's assessment in this case is not supported by substantial evidence and cannot stand.

### A. OBJECTIVE MEDICAL RECORD

The ALJ discounted Plaintiff's testimony based on the assertion that it was not supported by the objective medical evidence based on the characterization of the record as including almost exclusively "mild" findings. *See* A.R. 48. Plaintiff argues that the ALJ's reasoning was not supported by substantial evidence because it ignores aspects of the record showing more significant impairment. *See* Mot. at 8-9. Without acknowledging or discussing the medical record identified by Plaintiff, the Commissioner argues that substantial evidence supported the ALJ's finding. *See* Resp. at 5.[3] Plaintiff has the better argument.

When the objective medical record does not support a claimant's testimony, an ALJ may rely on that as a factor in discounting the testimony. *E.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). In this case, the ALJ highlighted that imaging in the record "revealed only mild degenerative changes" in the lumbar spine. *See* A.R. 48. The ALJ indicates that there is only one exception to these "mild" changes, recognizing that the magnetic resonance imaging ("MRI") also shows moderate right L3-L4, L4-L5 neural foraminal narrowing. *See* A.R. 46. As Plaintiff points out on appeal, however, the ALJ did not account for the other MRI results in the same exhibit that show: severe bilateral facet arthropathy at L5-S1; moderate bilateral facet arthropathy and a small

---

[3] With respect to a number of arguments presented by Plaintiff on appeal, the Commissioner's responsive brief provides no counterargument of any kind. "In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Country Fin'l Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases); *see also* Docket No. 12 at 6 (a failure by the Commissioner to provide points and authorities may result in reversal of the decision below). Other aspects of the Commissioner's brief consist of a cursory recitation of the particular standard at play along with *ipse dixit* that the ALJ did not err. "[B]ald assertions" supported by "little if any analysis" do not assist the reviewing Court in evaluating the issues on appeal. *See Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Such undeveloped arguments are similarly waived. *See, e.g.*, *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996). Notwithstanding the shortcomings in the Commissioner's briefing, the Court has endeavored to address Plaintiff's arguments on their merits.

posterior disc osteophyte complex at L4-L5; moderate to severe bilateral facet arthropathy and a posterior disc osteophyte complex at L3-L4; moderate to severe bilateral facet arthropathy and a small posterior disc osteophyte complex at L2-L3; moderate to severe bilateral facet arthropathy and a small posterior disc osteophyte complex at L1-L2; and moderate to severe bilateral facet arthropathy at T12-L1. *See* Mot. at 8-9; *see also* AR 913–14. The ALJ provides no explanation how the record supports a conclusion that there is medical evidence of only "mild" lumbar spine conditions given these MRI records showing moderate, moderate-to-severe, and severe lumbar spine conditions. *See* A.R. 46, 48. As noted above, the Commissioner similarly buries his head in the sand on appeal by ignoring Plaintiff's argument and failing to make any counterargument regarding these MRI results. *See* Resp. at 5.

An ALJ must review the record as a whole and is not permitted to mischaracterize that record by "cherry-picking" aspects in an effort to support a finding of non-disability. *E.g.*, *Lannon v. Comm'r of Soc. Sec.*, 234 F. Supp. 3d 951, 960 (D. Ariz. 2017). The ALJ's characterization of the record here as containing only mild findings is not supported by substantial evidence given the MRI results identified above.

Accordingly, the ALJ erred in discounting Plaintiff's testimony on this basis.

B. IMPROVEMENT

The ALJ discounted Plaintiff's testimony based on the assertion that he noted improvement to his primary care provider on January 5, 2016, and "[t]here is no evidence of further treatment for the claimant's back after this appointment." A.R. 46; *see also* A.R. 48. Plaintiff disputes whether these findings are proper in light of subsequent medical records. *See* Mot. at 14. Without acknowledging the medical records identified in Plaintiff's motion, the Commissioner argues that substantial evidence supports the ALJ's finding and that it is an appropriate consideration in discounting a claimant's testimony. *See* Resp. at 6-7. Plaintiff has the better argument.

When a claimant's medical condition has improved with treatment, an ALJ may rely on that improvement as a factor in discounting the claimant's testimony of disabling limitations. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (improvement with treatment); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.

2006) ("Impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits"). In this case, the ALJ found that Plaintiff reported improvement with his back pain in January 2016, and that there is no evidence of treatment for Plaintiff's back thereafter. A.R. 48.[4] As Plaintiff points out on appeal, however, there are several notes in the medical record from the same primary care provider that thereafter address Plaintiff's continuing back pain:

- On March 30, 2016, the primary care provider made an assessment of "[l]ow back pain radiating to the right leg," with a notation to "[c]ontinue medications. Meds refilled today." A.R. 1039-40.
- On May 25, 2016, the primary care provider made an assessment of "[l]ow back pain radiating to the right leg," with a notation that Plaintiff sought a letter (in conjunction with his effort to get housing) to explain that he cannot work, and with another notation for "[f]urther diagnostic evaluations ordered today include[s] X-ray exam of hip, complete Right hip to be performed." A.R. 1032-33.
- On June 22, 2016, the primary care provider made an assessment of "[l]ow back pain radiating to right leg," with a notation that "pt has had back pain and foot pain. lately one is radiating to the other," as well as a notation for "[f]urther diagnostic evaluations ordered today include[s] X-ray exam of the lower spine . . ." A.R. 1026-27.[5]
- On July 20, 2016, the primary care provider made an assessment of "[l]ow back pain radiating to right leg," with a notation to "[t]ake meds at first sign of pain. discussed labs." A.R. 1021-22.

---

[4] In the aspect of the record relied upon by the ALJ, Brian Lane (MS PAC) assesses "[l]ow back pain radiating to right leg" before indicating that "pt states that his back pain has improved. He has not contacted pain management." A.R. 1059.

[5] An exhibit sticker covers part of this last notation. As currently viewable, the notation reads: "further diagnostic evaluations ordered today include(s) X-ray exam of lower spine, [sticker] complete to be performed." A.R. 1027.

- On August 17, 2016, the primary care provider made an assessment of "[l]ow back pain radiating to right leg," with a notation to "[c]ontinue medications. Meds refilled today." A.R. 1014-15.

*See* Mot. at 14; *see also id.* at 5 (citing further notations of back pain at A.R. 204, 210, 212, 223, and 292).[6] The ALJ ignores these notations in the medical record that clearly undermine the finding that Plaintiff had improved to the point of not needing any additional treatment. *See* A.R. 46, 48. The ALJ also fails to explain how the single notation of "improvement" is properly used to discount Plaintiff's testimony of disabling limitations given the subsequent records of back pain. *See id.* Once again, the Commissioner on appeal similarly ignores Plaintiff's argument and provides no specific argument how the ALJ's assessment of improvement and discontinued medical treatment could square with these aspects of the medical record cited in Plaintiff's motion. *See* Resp. at 6-7.

The ALJ's finding that Plaintiff ceased treatment after January 2016 is not supported by substantial evidence in light of the above records. Moreover, the ALJ's reliance on a single notation of "improvement" that was followed by months of notations of back pain was also in error. *Cf. Lopez v. Colvin*, 194 F. Supp. 3d 903, 911 (D. Ariz. 2016).

Accordingly, the ALJ erred in discounting Plaintiff's testimony on these bases.

C.  DAILY ACTIVITIES

The ALJ discounted Plaintiff's testimony based on the assertion that it was inconsistent with his daily activities of living in a tent (*i.e.* being homeless), unsuccessfully looking for work, and collecting cans to earn money. *See* A.R. 48-49. Plaintiff argues that the ALJ erred because the findings are unsupported by substantial evidence and do not support a finding of non-disability at any rate. *See* Mot. at 14-16. Ignoring two of the daily activities at issue and providing cursory discussion on the third activity, the Commissioner argues that substantial evidence supports the ALJ's finding and that it is an appropriate consideration in discounting a claimant's testimony. *See* Resp. at 7. Plaintiff has the better argument.

---

[6] Some of these later notations also indicate that Plaintiff declined pain medication. *See, e.g.*, A.R. 212-13. This lack of medication is discussed below in Section III.D.

8

When a claimant's daily activities are inconsistent with the allegations of disability, an ALJ may rely on that inconsistency as a factor in discounting the claimant's testimony. *See, e.g.*, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). In this case, however, none of the ALJ's findings regarding inconsistent daily activities is supported by substantial evidence.

### 1. Homelessness

The ALJ found that Plaintiff being homeless is inconsistent with his testimony of disabling limitations because being "homeless and living in a tent . . . requires significant mobility." A.R. 49. No further elaboration is provided. Plaintiff argues that such a vague finding amounts to nothing more than conjuncture and is not supported by substantial evidence. Mot. at 14-15. The Commissioner provides no argument on appeal that the ALJ properly relied on Plaintiff's homelessness as a daily activity inconsistent with his allegations of disability. Resp. at 7. An ALJ errs in relying on vague reference to a claimant's homelessness to discount testimony of disability. *See, e.g.*, *Julian v. Comm'r of Soc. Sec.*, 2017 WL 3709092, at *5 (E.D. Wash. July 14, 2017). The ALJ's vague reference here to the "mobility" of the homeless is similarly defective. As such, the ALJ erred in discounting Plaintiff's testimony based on the vague assertion that it was inconsistent with the mobility required in being homeless.[7]

### 2. Looking for Work

The ALJ also discounted Plaintiff's testimony on the basis that his daily activities included efforts to obtain "work." A.R. 49.

Seeking out employment can in some circumstances constitute permissible grounds for an ALJ to discount a claimant's testimony. *See, e.g.*, *Bray*, 554 F.3d at 1227. Nonetheless, courts have found that an ALJ errs in discounting a claimant's testimony based on vague findings that he unsuccessfully attempted to obtain work. *See Lannon*, 234 F. Supp. 3d at 960; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Important to this issue in this case, Plaintiff explains that—given his advanced age and lack of transferrable skills—a finding of non-

---

[7] Plaintiff raises policy arguments concerning an ALJ's rejection of social security benefits premised on the fact that a claimant is homeless. *See* Mot. at 15. The Court need not reach such arguments given the finding above.

disability is allowed only if he can perform medium exertional work or higher. *See* Mot. at 15-16; *see also* 20 C.F.R. § 416.968(d)(4); *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990) ("it should surprise no one that the [Commissioner] faces a more stringent burden for denying disability benefits to older claimants"). The Commissioner does not dispute this underlying premise. *See* Resp. at 7.

Given the above circumstance, Plaintiff argues that a finding that he was looking for "work" is insufficient to discount his testimony without some indication as to the level of that work being medium or higher exertional level. *See* Mot. at 15-16.[8] Looking for light work, for example, would not be inconsistent with allegations of disability in this case because Plaintiff would still be disabled if the ALJ found that he could engage in light work. *See id.* The Commissioner does not meaningfully respond to this argument, choosing instead to simply parrot the general proposition that looking for work is inconsistent with alleging an inability to work. *See* Resp. at 7. Such argument does not advance the ball in any way given the required finding of an ability to engage in medium exertional level work or higher to find non-disability in this case.

In discounting a claimant's testimony based on inconsistent daily activities, an ALJ must demonstrate that "the ability to perform those daily activities translated into the ability to perform appropriate work." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Having not made any findings that Plaintiff looking for "work" translates into an ability to perform medium exertional level work or higher, the ALJ's reliance on this activity to discount Plaintiff's testimony lacks substantial evidence.

As such, the ALJ erred in discounting Plaintiff's testimony based on the vague assertion that it was inconsistent with Plaintiff having looked for work.

### 3. Collecting Cans

The ALJ found that Plaintiff's collection of cans to earn money is inconsistent with his testimony of disabling limitations because that activity "requires significant mobility." A.R. 49. No further elaboration is provided. Plaintiff argues that such a vague finding is not supported by

---

[8] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

10

substantial evidence given that there is no explanation as to how Plaintiff's collection of cans contradicts his testimony that he can walk a few blocks at a time, can get cans off the ground by going down to a knee, and can lift up to 10 pounds at a time. *See* Mot. at 15 (citing A.R. 406, 410, 415). The Commissioner provides no argument on appeal that the ALJ properly relied on Plaintiff's can collecting as a daily activity inconsistent with his allegations of disability. Resp. at 7. An ALJ errs in relying on vague reference to a claimant's collection of cans to discount testimony of disability. *See, e.g.*, *Schwanz v. Colvin*, 2014 WL 4722214, at *15 (D. Ore. Sept. 22, 2014). The ALJ's vague reference here to the "mobility" required to collect cans is similarly defective. As such, the ALJ erred in discounting Plaintiff's testimony based on the vague assertion that it was inconsistent with the mobility required in being homeless.

### 4. Conclusion

In short, the finding that Plaintiff's daily activities were inconsistent with his allegations of disability is not supported by substantial evidence. Accordingly, the ALJ erred in discounting Plaintiff's testimony on this basis.

### D. LACK OF TREATMENT

The ALJ discounted Plaintiff's testimony based on a lack of treatment. *See* A.R. 48. In particular, the ALJ noted that Plaintiff only took prescription medicines for a four-month period and did not see a pain management provider as recommended. *See id.* Plaintiff argues that the ALJ erred in advancing this reason for discounting his testimony because the record evidences reasons for the identified lack of treatment. *See* Mot. at 13-14. The Commissioner responds that the ALJ did not err because there was evidence of lack of treatment, but again ignores the argument actually presented by Plaintiff. Resp. at 6-7. Plaintiff has the better argument.

When the record reveals a lack of treatment, an ALJ may rely on that as a factor in discounting the claimant's testimony of disabling limitations. *See, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). There is an important caveat, however, in that only an <u>unexplained or insufficiently explained</u> lack of treatment may be used to discount the claimant's testimony. *See id.* An ALJ errs in discounting a claimant's testimony on this basis without addressing the explanations for the lack of treatment and providing sufficient justification for rejecting the

explanations. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 679-80 (9th Cir. 2017) (holding that an ALJ erred in discounting a claimant's testimony for lack of treatment in the form of narcotic prescriptions without evaluating explanations that, *inter alia*, the claimant avoided narcotics given fear of addiction); *Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296-97 (9th Cir. 1999) (holding that an ALJ erred in discounting a claimant's testimony for lack of treatment that stemmed from an inability to afford that treatment).[9]

As Plaintiff identifies in his motion, potential explanations for the identified lack of treatment are in plain sight in the record. First, Plaintiff was hospitalized for several days in late 2015 with acute gastrointestinal bleeding and a very large duodenal ulcer with active hemorrhage. A.R. 884-885. Upon discharge, Plaintiff was admonished that the range of medicines available for his use was limited as a result. *See* A.R. 885. The ALJ does not address whether Plaintiff's lack of additional medication is explained by that episode.[10] Second, as noted above, Plaintiff is homeless with limited transportation options, limited money, and no contact with friends or family. *See, e.g.*, A.R. 642. The ALJ relies on Plaintiff's homelessness as a means to undermine his credibility, but inexplicably fails to consider whether that homelessness is the reason that Plaintiff did not comply with pain management recommendations or otherwise obtain additional treatment. The Commissioner provides no argument on appeal responding to Plaintiff's contention that the ALJ erred in not evaluating these explanations for the lack of treatment. *See* Resp. at 6-7.

Based on the explanations in the record that are identified by Plaintiff and having been provided no rebuttal by the Commissioner, the Court agrees with Plaintiff that substantial evidence is lacking for the ALJ's decision to discount Plaintiff's testimony based on lack of treatment.

---

[9] The Commissioner characterizes this issue on appeal as a lack of treatment. *See* Resp. at 6-7. One could interpret the ALJ's decision as finding that the treatment that was undertaken—without more—rendered it only conservative in nature. *See* A.R. 46, 48. "[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility when the claimant had good reason for not seeking more aggressive treatment." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Hence, the ALJ's reasoning fails even if construed as a finding that Plaintiff's treatment was conservative in nature.

[10] Plaintiff also speculates that opioids may have been avoided given issues with overuse. *See* Mot. at 13. Given the ALJ's failure to address the potential explanation already in the record, the Court need not address other potential explanations.

12

Accordingly, the ALJ erred in discounting Plaintiff's testimony on this basis.

E.     INCONSISTENCY WITH RESPECT TO ABILITY TO BEND

The ALJ also discounted Plaintiff's testimony because his assertions at the hearing of significant difficulty in bending was inconsistent with the finding that he could bend at the consultative examination. A.R. 48. Plaintiff argues that this reasoning is deficient because there were two years between the consultative examination and the testimony at issue during which time his condition worsened. Mot. at 11-12. The Commissioner on appeal does not provide meaningful argument to the contrary, instead he simply points to the earlier finding by the consultative examiner and states that it is inconsistent with Plaintiff's testimony. Resp. at 6. Plaintiff has the better argument.

When a claimant's testimony is contradicted by the record, an ALJ may rely on that inconsistency to discount the claimant's testimony. *E.g.*, *Carmickle*, 533 F.3d at 1161. At the same time, the Ninth Circuit looks with skepticism on an ALJ's reliance on stale medical opinions that do not reflect subsequent deterioration in a claimant's condition. *See Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985); *see also Leslie v. Astrue*, 318 Fed. Appx. 591, 592 (9th Cir. 2009). Here, the purported inconsistency in bending capability is premised on the consultative examiner's findings from June 30, 2015. *See* A.R. 48 (citing Exhibit 9F); *see also* A.R. 728-36. The hearing testimony took place on April 6, 2017. *See* A.R. 393. Plaintiff's motion identifies the December 2015 MRI results as evidencing a deterioration in his back condition, *see* Mot. at 11-12,[11] and the Commissioner on appeal does not dispute that characterization. Plaintiff's motion argues that inconsistent examination findings made before that MRI are not properly relied upon to show that Plaintiff's testimony two years later should be discounted, *see id.*, and the Commissioner on appeal does not dispute that argument.

Given the two years between the examination relied upon by the ALJ and the Plaintiff's testimony, coupled with the evidence that his back condition was deteriorating, the Court concludes that the ALJ erred in discounting Plaintiff's testimony on this basis.

---

[11] Plaintiff's motion also notes an entry in the medical record from December 1, 2015, that Plaintiff's lower back pain is "aggravated by bending." Mot. at 11; *see also* A.R. 742.

13

### F. HARMFULNESS OF ERRORS

A claimant is only entitled to relief on appeal when an ALJ's errors are not harmless. *See, e.g.*, *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Errors are harmless in this context when a reviewing court can "confidently conclude" that the errors were "inconsequential to the ultimate nondisability determination." *Id.* As explained above, all of the reasons proffered by the ALJ for discounting Plaintiff's testimony regarding his back pain were erroneous. The ALJ then relied on that analysis in formulating a residual functional capacity that Plaintiff can engage in medium exertional work. *See* A.R. 48-49. The Court cannot confidently conclude that the errors were inconsequential. Accordingly, the ALJ's errors in rejecting Plaintiff's testimony regarding his back pain were not harmless.

## IV. APPROPRIATE RELIEF

The Court turns to the appropriate relief in this case. Upon finding that an ALJ committed harmful error, the Ninth Circuit has made clear that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). A court may instead remand for an award of benefits when several conditions are met, including that the record has been fully developed and further administrative proceedings would serve no useful purpose. *See id.* at 1101.

Plaintiff here simply asks for an award of benefits without providing meaningfully-developed argument as to why such relief is warranted. *See* Mot. at 16; Reply at 7. Moreover, the Court cannot say that further administrative proceedings would serve no useful purpose, especially given the need for consideration of the evidence identified above, such as the MRI results and the explanations proffered for Plaintiff's lack of treatment. It remains to be seen whether a finding can properly be made that Plaintiff is not disabled, but the Court is not persuaded that the record is fully developed or that further proceedings would serve no useful purpose.[12]

---

[12] There are equitable considerations, such as Plaintiff's homelessness and the length of time since he applied for benefits, that militate toward an award of benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (discussing *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990)); *see also Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988). Nonetheless, the Court finds a remand for further proceedings appropriate for the reasons discussed herein.

14

Given the circumstances, the appropriate relief is to remand to the ALJ for further proceedings consistent with this order.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion for reversal or remand (Docket No. 21) and **DENIES** the countermotion to affirm (Docket No. 22). The case is hereby remanded for further proceedings consistent with this order. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: February 18, 2020

_____
Nancy J. Koppe
United States Magistrate Judge